Good morning. I'm sort of between a jurisdictional issue and ultimately it boils down to a rational basis. Could you state your name for the record? Oh, I'm sorry. I'm J. Jack Arts for the Petitioner. The case is the case of a person who entered without inspection back in 1990, but has the fortune of having a sister who became a U.S. citizen and petitioned for her before the deadline for 245I, which excuses the entry without inspection. Well, she wants us to wait seven years, right? At the current priority date, I believe. It changes. I don't know what it is this month. Well, it seems to me that on some level this administrative closure, we don't see it a lot actually in the courts, but it seems to me that there's some basis that both people have to agree to it in the first place, but it seems to me that it's a procedure where you throw yourself basically on the mercy of the court, and if the court chooses to administratively close, it's a discretionary act. That's the end of the story. It's not like some of the other procedures that you have in terms of where it's been established you have a right to them. There's nothing that I can find that says you have a right to this, that it's anything other than an administrative act. So the court said we're not going to wait seven years, so why should we review that? What can you point me to that says you have a right to have that review, that it's anything other than just saying please? I mean, or why is it any different than someone saying, well, you know, Congress is surely to do some immigration reform, and maybe in ten years I'll be able to legally be here, so just let me hang out. Well, that's what these people have been doing all along, and this is supposed to be convenient. Obviously there's a difficulty in processing the adjustment petitions when you have seven years to wait, or seven more years to wait since she's been living here now on to 20 years. But see, I think I would take the same position if, let's say, both parties agreed to go, you know, no one objected to it, and let's say that administrative closure was granted, and then the government wanted to come up here and appeal it. I think I'd say the same thing to the government and say, well, it's a discretionary act, you know, we can't, there's nothing we can do about it. You can't appeal that. You didn't oppose it in the first place, so that's whatever the court decided when you, you know, when you agreed to allow the court to make a merciful determination. Right, but it's just that the consequences of that failure to administratively close are this removal proceeding that may result in something like a voluntary departure, but with a very, very short, unrealistic time. Just point me to something that supports your position. The requirements under 8 CFR 1240.11.11A2 and E, A2 is to afford the opportunity to adjust when the petition has been approved. We have an agency of the government that... Okay, if we assume that there's jurisdiction then, let's just assume that for a moment. Why would the court have abused its discretion for denying seven years, wait around seven years on the possibility? Seven compared to 18 right now is less than 50%, and she's obeyed the law. She has no, I mean, if she can get a work permit it would be really nice. Well, has she obeyed the law regarding being here legally? I mean, doesn't that... She's obeyed the law and everything else except that she's illegally here. When she first arrived it wasn't, I mean, the unlawful presence statute didn't kick in until about 97 or so, and that's exactly what will hang her because although she has this 245 eligibility from the priority date of her sister's petition that enables her to adjust with the payment of a fine to excuse that uninspected entry, if the judge goes through with the voluntary departure or removal that would be the logical outcome of the proceedings if you don't close them, then it forecloses her. She winds up in Mexico with a bar perhaps of 10 years before she can apply for admission, and that is a violation of the E provision in 124011 not to foreclose from benefit that someone is due in terms of when they are applying for admission as a permanent resident. You know, it's a little higher status. Okay. Do you want to reserve the balance for rebuttal? Thank you. May it please the Court, Sarah Maloney for the respondent. The Court lacks jurisdiction to consider Ms. Diaz's challenge to the Board's decision to deny her administrative closure request. The authority to administratively close a case is committed to the Board's discretion, and there are no statutes, regulations, established agency policies, or judicial decisions that provide a meaningful standard against which to assess the Board's refusal to administratively close her case. There are some. That's the exact problem here, that it would be nice if there were an exact answer, you know, but there isn't. And there are unpublished cases where the courts have found jurisdiction, but they've assumed jurisdiction and then they went on and approached it. So can you point me to anything that says it's a purely discretionary act and the Court doesn't have the power to review it? The delay says a lot. Well, it's an inherent authority that the Board has as an adjudicated body. It's akin, I guess, to prosecutorial discretion or this Court's authority to hold a case in abeyance where the parties agree. Well, the question is not as much whether they've exercised it, but the question I think the judge is pointing to is, do you know of any case that talks about the existence of jurisdiction to review that? That is, court appeals jurisdiction, going either way. No, there are no court decisions. As a practical matter, is this the IJ managing its docket? Because there's some language like that. But then there are other cases, BIA cases, which suggest that it's being used for particular purposes. And we have a case, Al-Kharaz, where we did look at administrative closure or a decision not to administrative close in the context of specific directions from the BIA or the VAJ as to when you would do it. So as a practical matter, what is this administrative closure? Can you explain how that works? Well, the Board would take a case off its docket if the parties agreed that the circumstances were appropriate. And no final order of removal would be in effect. And when is it used? What's the typical pattern of use of an administrative closure? We don't know because it's committed to the Board's discretion. So it amounts to an indefinite stay is what you're talking about. I suppose it could. Or it's the equivalent, essentially, isn't it? Yes, yes, I'm sorry. Yes, it is. I'm not characterizing it, but it has that impact. If the court did it, well, obviously right now it says you can object. But in this case, there wasn't an objection. If the court then went ahead and did it and then you didn't like it, would you be able to appeal? I don't know. Well, there can't be no jurisdiction for them and jurisdiction for you. Well, I suppose if the DHS took no position and the Board went ahead and administratively closed the case, then no. However, if the DHS opposed, again, I haven't really thought. Right now it says the language if either side opposes, then you don't go into that. Right. I mean, Al Perez is distinguishable to the extent that there were established agency policies and the alien hadn't asked the Board to administratively close the case and the Board didn't correspondingly do it. And this court found that in error and so remanded for the Board to consider the case in light of the administrative closure policies and to determine whether or not it was an appropriate case to close. Right. But why is that like a continuance, as in Santa Paula Luna, where we said we do have jurisdiction over continuance? And, of course, there's a regulation that says a continuance shall be granted with good cause shown. That's the standard good cause. And that's a more meaningful standard than none in this case. Well, I think continuances, and this is just I've been thinking about this because there just isn't much, I think continuances generally go to, they attach to a proceeding that a person has a right to. And so whether you get a continuance or not can have an effect on your due process in terms of being able to present the evidence in order to have a lawyer to represent you, all of those things. Here, what it seems most akin to, it's just an opportunity to throw yourself on the mercy of a deciding authority and say, look, I have this opportunity that I think is going to come about, and please just give me a chance rather than make me go through the filing for an adjustment of status. And if both sides think that it looks like it's relatively certain and no one opposes it, then you can try that out on the court, and the court can say, okay, that sounds reasonable. Let's just wait. Yes, Ms. Diaz here is plainly removable, and so her request is akin to throwing herself on the mercy of the court. It's kind of asking for prosecutorial discretion to hold her case and not to remove her so that she can await the speculative possibility that one day she might be able to adjust her status. And even assuming jurisdiction, the board did not abuse its discretion in denying her administrative disclosure request. At the time of the board's decision, her priority date was a year short, and the board can only guess as to whether or not Ms. Diaz would ever become eligible to adjust. Priority dates can retrogress. The laws can change. She may not be admissible 10 years from now if, in fact, an immigrant visa does become current and available to her. She had no right to yet another delay in proceedings. So the petition for review should be denied. All right. I just wanted to note that the language for the continuance using good causes is a good expression, actually, of a rule of reason, and I think that's what I'm asking for in this case. It's true. Your ability to review discretionary decisions is limited because we don't want you having to micromanage a lot of these cases, but we also don't want layers of administration to shield areas of discretion that then become my basis irrational with priority dates that retrogress, as she mentioned, the things that happen in the immigration visa year from its inception in the 1st of October when visas are flush and available, and the situations in July and August and September when it dries up, and that's when the priority dates retrogress, and we have an Alice in Wonderland situation. This lady has been approved. She has the document, the 797. It kind of looks a bit like a savings bond that says she's approved by the immigration agency, and yet there's this other agency that's not only preventing her from going forward on that, or will, but is going to put her in a position to forfeit that approval, and those are layers of administration we don't really need, and I just wanted to, you know, I know this case is what you are challenged with for writing, if you write in my favor, is, like I say, a rule of reason somehow to apply an administrative discretion for the sake of a system which is very overloaded, as we all know, and begs for change. I think we understand your argument. Thank you both for your argument. This matter will stand submitted. Thank you.
judges: Callahan, Ikuta, Shadur